

STATE OF CALIFORNIA

OFFICE OF THE ATTORNEY GENERAL

BILL LOCKYER
ATTORNEY GENERAL

May 24, 2005

Mr. Dennis Maciel, Chief
Excise Taxes and Fees Division, MIC:56
State Board of Equalization
450 N Street
Sacramento, CA 95814

Re:    Flavored Malt Beverages

Dear Dennis:

This letter is a follow-up to a meeting on May 5, 2005, at which my staff indicated that this office would provide to the Board of Equalization a statement of our position on the taxation of flavored malt beverages.

A task force of state attorneys general, which I have joined, has recently begun to address a number of issues relating to alcohol use by youth. One group of issues involves alcoholic beverages that are known as "flavored malt beverages," or FMBs. Despite the use of the term "malt beverage" in describing these products, according to the Alcohol and Tobacco Tax and Trade Bureau (TTB), the great majority of the alcohol in most flavored malt beverages is not derived from fermentation of malt and grain but rather comes "primarily from the distilled spirits component of the added flavors . . . ." (70 Fed. Reg. 194, January 2005.)

California law (the Alcoholic Beverage Control Act, Bus. & Prof. Code, § 23000 et seq.) recognizes three types of alcoholic beverages for tax purposes, namely, distilled spirits, beer, and wine. The first two definitions are relevant here. "Distilled spirits" are defined as "an alcoholic beverage obtained by the distillation of fermented agricultural products, and includes alcohol for beverage use, spirits of wine, whiskey, rum, brandy, and gin, including all dilutions and mixtures thereof." (Bus. & Prof. Code, § 23005.) "Beer" means "any alcoholic beverage obtained by the fermentation of any infusion or decoction of barley, malt, hops, or any other similar product, or any combination thereof in water, and includes ale, porter, brown, stout, lager beer, small beer, and strong beer but does not include sake, known as Japanese rice wine." (Bus. & Prof. Code, § 23006.)

1300 I STREET • SUITE 1740 • SACRAMENTO, CALIFORNIA • 95814 • 916-324-5437

Mr. Dennis Maciel, Chief
Page 2

In *People v. Tux Winery Co.* (1937) 21 Cal.App.2d 586, the court found that beverages which comprise combinations of water and various flavorings with fruit spirits or alcohol, in that case containing "whiskey flavor," are "distilled spirits" and taxable as such rather than as "wines." The court cited the definition of distilled spirits under the ABC Act, which definition remains the same today. The key language of the statute, according to the court, was "all dilutions and mixtures thereof." (*Id.* at p. 589.)

As noted above, California's definition of "beer" does not include any beverage that mixes beer with distilled spirits, while the definition of "distilled spirits" includes alcoholic beverages that contain any amount of distilled spirits or dilutions or mixtures thereof. TTB's Final Rule (70 Fed. Reg. 194, January 2005) provides that FMBs with no more than 49% of their alcohol content from flavors containing distilled spirits may be treated as "beer" for federal tax and classification purposes. Importantly, however, states are not required to follow federal law but may take a different view concerning the classification and taxation of these products (70 Fed. Reg. 230), and they must follow state laws on these issues, regardless of what standard TTB adopts (70 Fed. Reg. 220). California law does not defer to federal law in the taxation or classification of alcoholic beverages. Accordingly, a product that includes beer and any amount or kind of distilled spirit or flavor from distilled spirits is a "distilled spirit" (or dilution or mixture thereof) and must be taxed and classified in California as a distilled spirit.

Ensuring that FMBs are taxed and sold in accordance with California law is important for state revenue purposes and for another reason. FMBs are sweet-tasting, alcoholic drinks that mimic familiar non-alcoholic beverages like cola, lemonade, iced tea, and fruit-flavored water. Many FMBs are "branded" in the name of a distiller (e.g., *Smirnoff Ice, Bacardi Silver, Jack Daniel's Original Hard Cola*) in the apparent hope that new drinkers will start with these sweet "branded" drinks and move to the distiller's brand of hard liquor when the drinkers mature.

Unfortunately, studies confirm that much of the advertising for these products is directed at underage persons, and that underage drinkers have developed a thirst for these sweet alcoholic drinks. A 2001 poll found that 51% of teens ages 17-18 and 35% of teens ages 14-16 have tried FMBs, compared to less than a quarter of adults. The 2004 Monitoring the Future Study found that nearly one-third of high school seniors report regularly drinking FMBs. In December 2004 the American Medical Association released *Teenage Drinking Survey Results*, which found that about 33% of American teenage girls have tried FMBs and 82% of them believe these beverages taste better than beer and other alcoholic drinks.

Based on our review of state and federal law, as set forth above, our office agrees with you that FMBs must be treated for state excise tax purposes as "distilled spirits" if they contain any amount of distilled spirits or dilutions or mixtures thereof. This is both in accordance with California law and may also help combat underage drinking.

Mr. Dennis Maciel, Chief
Page 3


     Please feel free to contact Deputy Attorney General Alan Lieberman at (916) 323-3705, if we can be of any further assistance in this regard.

                                      Sincerely,

                                      BILL LOCKYER
                                      Attorney General